IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>for the use and benefit of<br>FINLEY ASPHALT & SEALING, INC.<br><br>and<br><br>FINLEY ASPHALT & SEALING, INC.<br>7861 David Williams Way<br>Bristow, VA 20136<br><br>    Plaintiffs,<br><br>v.<br><br>WALBRIDGE COMPANY<br>a/k/a WALBRIDGE ALDINGER COMPANY<br>777 Woodward Ave., Suite 300<br>Detroit, MI 48226<br><br>SERVE: The Corporation Trust Incorporated<br>    351 West Camden Street<br>    Baltimore, MD 21201<br><br>and<br><br>TRAVELERS CASUALTY AND SURETY<br>COMPANY OF AMERICA<br><br>SERVE: Maryland Insurance Administration<br>    200 St. Paul Place, Suite 2700<br>    Baltimore, MD 21202<br><br>and<br><br>LIBERTY MUTUAL INSURANCE<br>COMPANY<br><br>SERVE: Maryland Insurance Administration<br>    200 St. Paul Place, Suite 2700<br>    Baltimore, MD 21202<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No._____ |

1

## COMPLAINT FOR MONEY DAMAGES

United States of America for the use and benefit of Finley Asphalt & Sealing, Inc. and Finley Asphalt & Sealing, Inc. (hereafter "Finley"), Plaintiffs herein, for their cause of action against the Defendants state as follows:

### COUNT I
(Miller Act Claim)

### JURISDICTION AND PARTIES

1. Jurisdiction of this action is conferred by 40 U.S. C. § 3131, *et seq.*, commonly known as "The Miller Act" (the "Act").

2. Finley Asphalt & Sealing, Inc. ("Finley") is a Virginia corporation with its principal place of business in Bristow, Virginia. Finley performs asphalt paving, site development and concrete work in the Washington Metropolitan Area.

3. Travelers Casualty and Surety Company of America ("Travelers") is an Ohio corporation with its principal place of business in Independence, Ohio which has transacted business in the State of Maryland, including the writing of bonds and other undertakings involving projects in the State of Maryland.

4. Liberty Mutual Insurance Company ("Liberty") is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business in Boston Massachusetts. Liberty has transacted business in Virginia by the writing of bonds and other undertakings involving projects in the State of Maryland.

5. Walbridge Company ("Walbridge") is a Michigan corporation with its principal place of business in Detroit, Michigan. Walbridge Aldinger Company is a fictitious name under which Walbridge Company does business.

### COUNT I

6. The United States of America, acting through the Army & Air Force Exchange Service ("Owner") entered into a contract with Walbridge which was designated as Contract No. 7388895762 whereby Walbridge would construct a project known as the "Fort Meade Exchange Shopping Center" located at Fort Meade, Maryland.

7. Pursuant to the Act of Congress, approved August 24, 1935, as amended, the Defendant Walbridge as principal, and the Defendants Travelers and Liberty, as sureties, duly executed a standard government form of payment bond to the United States of America, whereby they bound themselves jointly and severally in the amount of $15,727,800.00 and $10,485,200.00 respectfully, conditioned that if the principal should promptly make payment to all persons supplying labor and materials in the prosecution of the work provided in the contract, and any subsequent modifications thereof, notice of which modifications to the surety being waived, then the obligation to be void; otherwise to remain in full force and effect. A copy of the bond is attached hereto as **Exhibit "A"**.

8. The bond was accepted by the United States of America, and upon such acceptance, the contract for the construction and completion of the project was awarded to Walbridge.

9. Thereafter, Walbridge engaged Finley to perform certain asphalt paving and related work on the project pursuant to an express and/or implied agreement with Walbridge.

10. Finley has fully performed its work and obligations on the project except where the same were waived, prevented or excused by the acts of Walbridge. All of Finley's work has been inspected and accepted by both Walbridge and the owner.

11. Walbridge failed to make the payments to Finley for the work performed despite demand therefore, and there is currently due and owing to Plaintiff at least the sum of

$85,064.61, all or a portion thereof being for work performed in excess of 90 days from the date of the last work by Finley.

12. Travelers and Liberty are the sureties under the above-referenced payment bond and is or was aware of the default of Walbridge to pay its subcontractor. Walbridge had a direct contract with Finley and therefore Finley was not required to give any written notice to the sureties.

13. A period in excess of 90 days has passed since the last of the work was performed by Finley for which claim has been made and less than one year has elapsed since the work performed by Plaintiff was completed.

14. The project where the work was performed and where the improvements were constructed is located within the County of Anne Arundel, Maryland.

15. Plaintiff has fulfilled all conditions precedent and requirements to be paid under the aforesaid payment bond including the giving of any required notices by the terms of the bond or the Act.

16. Upon information and belief, Walbridge has been paid for Finley's work by the owner and/or has prevented conditions of payment from occurring by failing to perform its obligations to the government.

17. The total amount currently owed for work performed on the project by Finley is $85,064.61, for which sum the Defendants are jointly and severally liable.

COUNT II
(Breach of Contract)

18. The allegations of paragraphs 1 through 17 of this Complaint are incorporated herein by reference.

19. At the request and insistence of Walbridge, Finley commenced performance of work on the project pursuant to a contract between Walbridge and Finley. A true copy of the contract is attached hereto as **Exhibit "B"**.

20. Thereafter, Finley completed its work and thereafter Walbridge included work performed by Finley in its billings to the owner and received payment for the work and/or prevented the owner from paying for the work by failing to perform its obligations under the contract with the owner.

21. In connections with the agreement entered into between the parties, Walbridge had certain express and implied obligations including, but not limited to; the obligation to promptly pay Finley for work performed, the obligation to fulfill its obligations to the government so that payment would be made; the obligation to close out the Project in a timely manner; the obligation to act in good faith; the obligation to timely pay for work performed; and the obligation to pursue the Owner and protect Finley's rights should any issues of non-payment arise that are related to Walbridge's own failure to perform its work or the owner's obligation to pay for work performed (hereafter "contractual obligations").

22. Walbridge materially breached, varied and abandoned its contractual obligations to Plaintiff resulting in loss, costs and damages both direct and consequential in an amount equal or exceeding $85,064.61 for which sums Walbridge is liable.

COUNT III
(Quantum Meruit/Unjust Enrichment)

In the alternative to Count II, the undersigned states as follows:

23. The allegations of paragraphs 1 through 16 are incorporated herein by reference.

24. Pursuant to request of Walbridge, Plaintiff supplied materials and service to Walbridge upon the condition and understanding that it would be paid the reasonable value of the work and material provided. To the extent there was no express agreement governing the work, and/or any such agreement was abandoned, or is otherwise void or unenforceable, Plaintiff is entitled to recover its costs and the reasonable value of the work and material provided with the expectation that it would be reimbursed therefore.

25. To the extent the work or material provided is not governed by the terms of any express contract between the parties, Walbridge would be unjustly enriched, at the expense of the Plaintiff, by receiving equipment, supplies and materials for the construction of the project without paying a reasonable sum for the same. By using and taking control of the work, materials and equipment supplied by Finley, the Defendant Walbridge has obligated itself to Plaintiff to pay a reasonable sum for the labor, materials and equipment.

26. The reasonable value of the labor and materials supplied by Plaintiff to the project is at least $66,731.00 for which the Defendant Walbridge is.

## COUNT IV
(Prompt Payment)

27. The allegations of paragraphs 1 through 25 of this Complaint are incorporated herein by reference.

28. Pursuant to Public Law, 97-17 enacted on May 21, 1982, <u>as amended</u>, and recodified in 31 USC 3903, Walbridge had a contract with a Federal Agency which was subject to the Prompt Payment Act.

29. By virtue of the amendments to the Act, Walbridge was required to pay Finley undisputed amounts within seven days or pay an interest penalty.

30. Walbridge breached its obligations under the Prompt Payment Act and is liable to Plaintiff for the interest, penalties and attorney's fees provided by the Act.

WHEREFORE, the United States of America for the use and benefit of Finley Asphalt & Sealing, Inc. and Finley Asphalt & Sealing, Inc. request judgment against the Defendants as follows:

A. For judgment against the Defendants Walbridge Company, Liberty Mutual Insurance Company and Travelers Casualty and Surety Company of America, jointly and severally, pursuant to Count I hereinabove in the sum of $85,064.61 together with interest thereon and costs of suit expended.

B. For judgment against the Defendant Walbridge Company pursuant to Count II herein in the sum of $85,064.61 together with interest thereon and costs of this proceeding.

C. In the alternative to Count II, for judgment against the Defendant Walbridge Company pursuant to Count III herein in the sum of $85,064.61, together with interest thereon and costs of this proceeding.

D. For judgment against the Defendant Walbridge Company for the interest, penalties and attorney's fees provided by the Prompt Payment Act, pursuant to Count IV herein.

E. For such other and further relief as the Court may deem appropriate.

F. Plaintiff prays for trial by Jury on all issues stated herein.

Respectfully submitted,

*[signature]*

Stephen J. Annino, Esq. (Bar # 04057)
REES BROOME, PC
1602 Village Market Blvd., SE
Suite 270
Leesburg, VA 20175
(703) 443-6605
Fax No. (703) 779-2804
Email: sannino@reesbroome.com
*Counsel for Finley Asphalt & Sealing, Inc.*

B:\K&A Data\public on 'bulldog' (P)\Docs\Finley Asphalt\Walbridge\pleadings\160606 complaint.doc